COLE, EXECUTOR OF ANN HILL, *vs.* ANDREW SMALLEY.

1. All the executors named in the will must join in an action at law, though some of them have refused to prove the will, or administer the estate.

2. In a plea in abatement for the non-joinder of one of several executors, as plaintiff, the only material averments are that the person who is not joined as plaintiff was constituted executor, and that he is still living. An averment in such plea, that the executor who is not joined has administered upon the estate, is an irrelevant averment.

3. Will a formal renunciation of the executorship avoid the office? *Query.*

4. The omission to crave oyer of letters testamentary constitutes no ground of demurrer.

. 5. A defect in form is aided by pleading over. A demurrer attaches only to substantial defects in the previous pleadings.

---

Action by an executor. Plea in abatement for the non joinder of another executor. The plea avers that the testatrix appointed the plaintiff and one I. V. executors of her will; that the said I. V., as executor, administered upon the estate, and that he is still living. The plaintiff replies that the said I. V. did not administer upon the estate. To this replication the defendant demurs.

The cause was argued before the CHIEF JUSTICE, and ELMER, POTTS, and HAINES, Justices.

*J. W. Miller*, for defendant, in support of the demurrer.

That I. V. administered, is an immaterial averment in the plea. The denial of that averment tenders an immaterial issue. In pleading, the party can traverse only issuable or material allegations. 1 *Chit. Pl.* (*ed.* 1840) 611, 612; 1 *Saund, R.* 207, *note a; Howe* v. *Lawrence,* 2 *Zab.* 99, 108; 1 *Saund.* 291, *note G; Com. Dig.* " *Abatement* " *E,* 13 ; 2 *Chit. Pl.* 941, and notes.

Where the defendant plead *ne unques* executor, it is necessary to aver that he never administered, because, by wrongful intermeddling with the estate, he may make himself an executor *de son tort.* But no such reason applies to pleading by an executor who is plaintiff.

The material averments in the plea are not traversed. 2 *Chit. Pl.* 622 ; *Com. Dig.* " *Pleader* " *G,* 2; 3 *Halst* 288.

The question which was probably designed to be raised by the replication is, whether an executor who alone proves the will can sue alone. The question cannot fairly be raised upon the pleadings. The only issue made is whether I. V. administered.

The rule is settled, that all the executors named in the will must join in the suit as plaintiffs. 1 *Chit. Pl.* 20 ; 9 *Coke* 37 ; 5 *Wend.* 313 ; *Toller on Ex.* 44 ; *Penn.* 721.

Unless joined in the action, the defendant cannot have the benefit of material admissions made by the executor.

*G. H. Brown,* for plaintiff, contra.

The executor who has renounced is a material witness for the plaintiff. If joined in the action, his evidence is lost. The question is material.

It is admitted that the rule, as laid down in the books, requires all the executors named in the will to join as plaintiffs, and it seems to make no difference, whether the executor has positively renounced or has only omitted to make probate. There is no reason for the rule. It establishes no one's right. It is inconvenient in practice, and is

only used to embarrass suitors.   In many states it is abolished by statute.

The reason assigned for the rule is, that the executor may hereafter accept and prove the will.   Admit it, does that give him an interest before acceptance ?   The rule must have been based on the doctrine, that an executor has an interest in the residuary estate.   In New Jersey, he never had such interest.   He who disclaims being trustee cannot afterwards act.   He cannot be sued as trustee.   *Hill on Trustees* 214, 225.

If an executor renounce, he has no interest in the estate. If he is a creditor of the estate, and does not prove the will, he may maintain an action against the other executor. *Rawlinson* v. *Shaw,* 3 *Term R.* 557.

The authority of the executor is not wholly derived from the will.   He has no authority to act until probate is granted to him.   The form of the letters testamentary prescribed by the statute show that the authority is derived from them. *Nixon's Dig.* 554.

If the replication is defective, the plaintiff is nevertheless entitled to judgment, because the defendant's plea is bad for uncertainty.   *Gould's Pl.* 83, *ch.* 3, § 54.

The averment that the executor is living is no more necessary than an averment that the executor is *compos mentis.* 1 *Williams on Ex'rs* 121 ; *Godolphin, ch.* 6, § 2 ; *Bac. Ab.* " *Executors" A,* 5.

The plea is also bad for omitting to crave oyer, and make profert of the letters testamentary.   *Gould's Pl. ch.* 8, § 43; *Com. Dig.* " *Pleader* " *O,* 3 ; *Stephens on Pl.* 70 ; 1 *Saund.* 317, *note* 2, 291, *C, note* 4.


*Miller,* in reply.

Defects in the *form* of the plea cannot be taken advantage of, on demurrer to the replication.

One executor cannot, by proving the will alone, exclude

his coexecutor from his interest in the administration. *Griffith's Tr.* 208.

The reason of the rule requiring all the executors to unite as plaintiffs, is that the testator, by his will, has vested the estate in all the executors. They have a joint interest. On an sssignment to A and B, A cannot sue alone; and if he do, and the non-joinder be pleaded, he cannot reply that B never exercised any ownership over the estate.

The CHIEF JUSTICE. To the plaintiff's action, the defendant pleaded in abatement, that the testatrix constituted the plaintiff and one Israel Vail to be executors of her last will and testament, and that the said Israel Vail, after her death, as executor, administered divers goods and chattels which were of the said Ann Hill at the time of her death, and that the said Israel Vail is still living. The plaintiff replies, that the said Israel Vail did not, as the executor of the last will and testament ot the said Ann Hill, administer any goods and chattels which were of the said Ann Hill in her lifetime. To this replication the defendant demurs, upon the ground that it tenders an immaterial issue

The substance of the plea is, that there is another executor with the plaintiff, who should have joined in the action. The rule has been long and well settled, that all the executors named in the will must join in the action, though some have omitted or refused to prove the will, or to administer the estate. The question has been very frequently before the common law courts, in various forms, and the decisions have very uniformly maintained the necessity of all the executors being joined as plaintiffs. *Hensloe's case*, 9 *Coke* 37 ; *Brookes* v. *Stroud*, 1 *Salk.* 3 ; *Brooke's Abr.* " *Executors*," *pl.* 117 ; *Com. Dig.* " *Abatement*," *E* 13, " *Pleader*," 2 *D* 1 ; *Waters* v. *Pfeil*, 1 *Mood. & Mal.* 362 ; *Webster* v. *Spencer*, 3 *Barn. & Ald.* 360 ; *Kilby*

v. *Stanton*, 2 *Younge & Jarvis* 77 ; *Scott* v. *Briant*, 6 *Nev.*
*& Man*. 381; 1 *Saund*. 291, *i, note*; *Bodle* v. *Hulse*, 5 *Wend*.
313 ; *Hunt* v. *Kearney, Penn*. 721 ; 1 *Chit. Pl.* (*7th ed.*)
22; 2 *Wills on Ex's* 233. The practice in equity seems
to be different. *Davies* v. *Williams*, 1 *Sim*. 5.

The ground of the rule is, that the executor derives his
authority not from the probate, but from the will ; and he
may at any time prove the will, and take upon himself
the burthen of the administration. His executorship ex-
ists independently of the probate and of the actual admin-
istration of the estate. The averment, therefore, in the
plea, that Israel Vail had administered upon the estate, is
an unnecessary and irrelevant averment, upon which no
issue can lawfully be taken. The whole averment may
be struck out without impairing the validity of the plea.
This constitutes the criterion of its relevancy. *Williamson*
v. *Allison*, 2 *East* 452.

The only material and traversable averments contained
in the plea are, that Israel Vail was, by the will of the
testatrix, constituted executor, and that he is still living.

If the plaintiff rely upon a formal renunciation of the
executorship, by the executor who is not joined in the
action, that fact should be distinctly pleaded. The English
rule is, that even a formal renunciation of the executor-
ship will not avoid the office. A different practice ap-
pears to have been adopted in this state. *Griffith's Treat.*
205. That question, however, is not involved in these
pleadings.

It is insisted, by the plaintiff's counsel, that the rule
requiring an executor, who has not proved the will nor
administered upon the estate, to unite in the action, is
neither founded in reason nor convenience. It was said
by the Chief Baron, in *Kilby* v. *Stanton*, 2 *Younge & Jarvis*
77, that the reason assigned for the rule is a very bad one.
But without pausing to discuss this question, it is enough
to say, that the existence of the rule is admitted ; that it

has been long recognised and acted upon as a part of the law of the land, and must so be regarded by this court, until changed by competent authority.

It is further insisted, that if the replication be illegal, judgment must nevertheless be rendered for the plaintiff, because the defendant's plea is defective in not craving oyer of the letters testamentary, and setting them out on the face of the plea. But the craving of oyer is a favor granted to the defendant, and not a duty obligatory upon him which he is bound to perform. And where the defendant craves oyer he is not bound to set it forth in his plea. *The Weavers' Co.* v. *Forrest*, 2 *Stran.* 1241; *Simmons* v. *Parmenter*, 1 *Wilson* 97, *Jac. Law. Dict.* " *Oyer ;*" *Gould's Pl.* 449, 557.

The plea in this case is conformed to the precedents, which do not set forth the oyer, either of the letters testamentary or letters of administration. 1 *Went. Pl.* 13, 56.

If, moreover, the plea be erroneous in this respect, or for uncertainty, it is a defect in form, which could only be taken advantage of on special demurrer, and is aided by pleading over. A demurrer reaches back, and attaches only to substantial defects in the previous pleadings. *Gould's Pl.* 474.

The demurrant is entitled to judgment.

ELMER, J. No principles are better settled than that executors derive their powers from the will, and not from the probate ; that all who are named must join in an action, though some have not proved the will ; and that it is a good plea in abatement, that another executor is named and is alive. *Bro. Abr.* 27 ; *Com. Dig., Plead.* 2 *D* 1 ; *Hensloe's case*, 9 *Rep.* 37 ; 1 *Saund.* 291, *g, note* ; *Webster* v. *Spencer*, 3 *Bar. & Al.* 360 ) ; *Walters* v. *Pfeil*, 1 *Mood. & Mal.* 362 ; *Scott* v. *Briant*, 6 *Nev. & Man.* 381 ; *Hunt* v. *Kearney*, *Penn.* 721. If the renouncing executor will not join in prosecuting the suit, the course is to issue the writ in his

name, and then to summon or rule him to proceed, and if he will not, the court will give judgment of severance. 2 *Wms' ex'rs* 1189, *note; Bodle* v. *Hulse,* 5 *Wend.* 313.

These principles have never been overruled in this state. The form of the letters testamentary given in the statute, (*Nix. Dig.* 554) first prescribed in 1820, cannot have been intended to affect the powers and duties of the executors. If literally followed, the will could not be proved unless all join; and no executor could do any act until the probate was complete. The fair and reasonable construction is, that the executors still derive their powers from the will, but nothing but the probate is legal evidence of those powers in any question respecting personal property, and when produced, it relates back to the time of the testator's death. The probate gives the authority in a court of justice and that only.

Although, in the case of an action by executors, all must join, whether they have administered or not; the rule is different in the case of actions against them. In the latter case, the plea in abatement, that there is another executor, must aver that he has administered, it not being necessary to join one who has not. *Bro. ex'rs* 20, 28; *Swallow* v. *Emberson,* 1 *Lev.* 161; *Alexander* v. *Mawman, Willes* 42. And upon this ground, it was held that an executor who had renounced might sue the one who administered. *Rawlinson* v. *Shaw,* 3 *T. R.* 557. The reason of the distinction, I suppose is, that an executor who has failed to prove the will, or renounced, may at any time come in and take upon himself the burden of the execution, and by requiring him to have the option of joining in a suit, this right is fully preserved to him; while it is altogether reasonable that the executor, who has in fact administered, that is to say, received the assets, should be responsible to the creditors of the testator, whether he has proved the will or not, without regard to others who have not interfered with the estate, although entitled by

the will to do so. If all the executors named in the will renounce, or fail to prove the will within the time prescribed by the statute, (*Nix. Dig.* 255, § 7,) letters of administration, with the will annexed are to be granted, after which the executors are all precluded from acting.

The plea in this case conforms to the established precedents, and sets up a substantial defence. If informal for want of setting out the oyer, that is a defect which could only be taken advantage of by special demurrer. The replication does not answer the plea, and is, therefore, bad in substance. Judgment must be for the defendant.

POTTS and VREDENBURGH, Justices, concurred.

Judgment accordingly.

CITED *in Rinehart's Ex'rs* v. *Rinehart,* 2 *McCar.* 45.